# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# Baltimore Division

| | |
|---|---|
| ADF MidAtlantic, LLC, a Delaware limited liability company<br>350 Passaic Avenue, 2nd Floor<br>Fairfield, NJ  07004<br><br>                    Plaintiff,<br><br>v.<br><br>Klein Enterprises, LLC, a Maryland limited liability company<br>10299 Owings Mills Blvd., Suite 200<br>Owings Mills, MD  21117<br><br>                    Defendant. | *<br>*<br>*<br>*<br>*<br>Case No.: 13-559<br>*<br>*<br>*<br>* |

* * * * * * *

## AMENDED COMPLAINT FOR BREACH OF CONTRACT AND OTHER RELIEF

For its Amended Complaint against Defendant Klein Enterprises, LLC (hereinafter "Klein"), Plaintiff ADF MidAtlantic, LLC (hereinafter "ADF") hereby states and alleges as follows:

## PARTIES

1.     Plaintiff ADF is, and at all relevant times has been, a Delaware limited liability company with a principal place of business at 350 Passaic Avenue, 2nd Floor, Fairfield, New Jersey, 07004.

1

2. Defendant Klein, on information and belief, is a Maryland limited liability company with a principal place of business at 10299 Owings Mills Blvd, Suite 200, Owings Mills, Maryland, 21117.

## JURISDICTION AND VENUE

3. The subject matter of the Complaint pertains to a contract of purchase and sale (hereinafter the "Contract") between Klein and ADF (hereinafter the "Parties"). A true and correct copy of the Contract is attached to the original Complaint as **Exhibit 1** and is incorporated by reference as if fully set forth herein. This Court has jurisdiction pursuant to paragraph 13 of the Contract, which states:

> This Contract shall be given effect and construed by application of the law of Maryland, and any action or proceeding arising hereunder shall be brought in the courts of Maryland provided, that if any such action or proceeding arises under the Constitution, laws or treaties of the United States of America, or if there is a diversity of citizenship between the parties thereto, so that it is brought in a United States District Court, it shall be brought in the United States District Court for the District of Maryland.

4. All members of ADF are citizens of the State of New Jersey or the State of Delaware. On information and belief, all members of Klein are citizens of the State of Maryland. Therefore, on information and belief, this Court has jurisdiction under 28 U.S.C. § 1332 because there is a complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Further, this Court has personal jurisdiction over Klein because Klein is organized under the laws of Maryland, has its principal place of business in Owings Mills, Maryland, and regularly conducts business in Maryland.

6.      Venue is also proper before this Court pursuant to the forum selection clause contained in Paragraph 13 of the Contract, as set forth above, and pursuant to 28 U.S.C. § 1391 (b) and (c), because a substantial part of the events giving rise to the claims occurred in this District and because Klein is subject to personal jurisdiction in this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.      On or about August 15, 1991, ADF's predecessor-in-interest entered into a Lease Agreement (the "Lease") with First Charles Town Group, Inc., f/k/a FCT Corporation ("First Charles"), a West Virginia corporation.  Pursuant to the Lease, ADF's predecessor-in-interest leased from First Charles land and improvements located at the intersection of U.S. Route 340 and West Virginia Route 17, Charlestown, West Virginia (the "Property").  A true and correct copy of the Lease is attached to the original Complaint as **Exhibit 2** and is incorporated by reference as if fully set forth herein.

8.      Pursuant to Paragraph 18 of the Lease, ADF was granted a right of first refusal to purchase the Property in the event that First Charles would come to desire to sell the Property.

9.      On information and belief, in 2011, Klein approached First Charles to discuss a potential purchase of the Property.  Concurrent with these negotiations, ADF and Klein entered into negotiations for Klein to purchase and for ADF to sell all right, title and interest held by ADF in and to the Lease (hereinafter "Leasehold Interest").  Included in the Leasehold Interest in the Property was ADF's right of first refusal.

3


10.    ADF and Klein negotiated the sale of ADF's Leasehold Interest from approximately February 2011 through approximately November 2011.  On November 28, 2011, ADF and Klein executed the Contract of Purchase and Sale (previously and hereinafter referred to as the "Contract") under which Klein agreed to purchase ADF's Leasehold Interest in the Property, including the right of first refusal, for $850,000.00 (the "Purchase Price").  The Contract called for a closing date of September 30, 2012.

11.    On April 20, 2012, counsel for Klein sent a letter to ADF exercising its right to close (hereinafter the "Closing Letter"), and agreeing to close under the Contract. A copy of the Closing Letter is attached to the original Complaint as **Exhibit 3** and is incorporated by reference as if fully set forth herein.  The Closing Letter set forth a closing date of May 21, 2012, which the parties postponed by mutual agreement.  At all times, the parties understood that the Contract required the closing to occur no later than September 30, 2012.

12.    In accordance with the Lease, on or about May 1, 2012, First Charles sent ADF a letter (hereinafter the "Notice Letter").  The Notice Letter provided ADF notice that Klein was under contract to purchase the Property from First Charles and that ADF had ten (10) days within which to exercise its right of first refusal.  A copy of the Notice Letter is attached to the original Complaint as **Exhibit 4**.  Subsequent to ADF's separate receipt of the Closing Letter and the Notice Letter, Klein had continuous communications with ADF during which Klein consistently reiterated its intent to close in conformance with the Contract, or, by September 30, 2012.

4

40000/0593-9274662v2
51713/0001-9350593v1

13. In reasonable reliance upon Klein's obligations under the Contract, and upon Klein's representations, ADF did not exercise its right of first refusal, made arrangements to procure an alternative location to operate its business, and exited the Property in anticipation of Klein's promised performance. In fact, and without limitation, ADF did procure an alternative property, entered and performed one or more contracts to accomplish the same, and moved its operations to such alternative site ("Alternative Site"). ADF currently operates its business at the Alternative Site.

14. All contingencies to closing were satisfied and there were no barriers to closing on the sale of ADF's Leasehold Interest to Klein under the terms of the Contract. ADF advised Klein that it was ready, willing, and able to close on the sale of its Leasehold Interest pursuant to the Contract.

15. By letter delivered September 13, 2012, Klein notified ADF that Klein would not perform its obligation under the Contract to pay the Purchase Price.

16. In fact, Klein did refuse to pay the $850,000.00 Purchase Price and did refuse to close on its purchase of ADF's Leasehold Interest as required under the Contract. Klein has therefore defaulted on its obligations under the Contract without legal justification.

## COUNT I
## SPECIFIC PERFORMANCE

17. ADF restates and realleges all of the foregoing paragraphs as if fully set forth herein.

40000/0593-9274662v2
51713/0001-9350593v1

18. At all relevant times, ADF was ready, willing and able to perform its obligations under the Contract.

19. Without legal justification, Klein has refused and failed to pay the Purchase Price and to close on the sale of the Leasehold Interest even though it received and now owns the Property free and clear of ADF's presence or involvement.

20. Klein's refusal and failure to pay the Purchase Price and to close on the sale of the Leasehold Interest leaves ADF without an adequate remedy at law, due to Klein's inducement of ADF to forgo ADF's Leasehold Interest, including its right of first refusal.

21. ADF is therefore entitled to a decree that the Contract be specifically enforced, and that Klein pay the Purchase Price to ADF, in accordance with the terms of the Contract.

## COUNT II
## BREACH OF CONTRACT

22. ADF restates and realleges all of the foregoing paragraphs as if fully set forth herein.

23. The Contract executed by Klein and ADF constitutes a valid, binding and enforceable contract. The Contract obligated Klein to close on the Contract by September 30, 2012 and to pay ADF $850,000.00 for the purchase of ADF's Leasehold Interest in the Property.

24. Klein materially breached the Contract by refusing to close on the Contract and by refusing to pay ADF the agreed-upon $850,000.00 Purchase Price in exchange for

6

Klein's acquisition of ADF's Leasehold Interest in the Property. The aforementioned breaches were without legal justification.

25. Klein also has an express obligation of good faith under Article 21 of the Contract, which contains the following provision:

> **Further Assurances**. The parties agree to act in good faith, bona fide and to properly and fully execute in a timely manner, any and all documents necessary to carry out the terms and intent of this Contract.

26. Maryland contract law also implies in any contract an obligation to act in good faith and to deal fairly, which obligation is imposed upon Klein with respect to the Contract.

27. Klein breached its express obligation of good faith under the Contract by, among other things, its refusal and failure to complete its performance under the Contract by paying the Purchase Price and to close on the Sale of the Leasehold Interest, after agreeing to close as confirmed in the Closing Letter.

28. Klein has breached its implied covenant of good faith and fair dealing by, among other things, its deliberate refusal and failure to perform under the Contract with the knowledge that it had no legal justification to commit the breach.

29. In the alternative to ADF's claim and request for specific enforcement of the Contract, and as a direct and proximate result of Klein's material breaches of the Contract and/or its express and implied covenants of good faith and fair dealing, ADF has suffered actual damages in the following amounts without limitation: the $850,000.00 Purchase Price, plus interest, attorney fees and costs, and the costs of this action.

## COUNT III
## PROMISSORY ESTOPPEL / DETRIMENTAL RELIANCE

30. ADF restates and realleges all of the foregoing paragraphs as if fully set forth herein.

31. Klein made various clear and definite representations and promises to ADF that it would purchase ADF's Leasehold Interest for the Purchase Price by September 30, 2012, as set forth in more detail above.

32. Klein reasonably expected that Klein's promises and representations would induce action or forbearance of a definite and substantial character by ADF as further set forth below.

33. To its detriment, ADF reasonably relied upon Klein's representations and promises set forth above.

34. In fact, Klein's promises and representations induced actual and reasonable action or forbearance by ADF as contemplated by the Contract and as follows: (1) ADF agreed to accept the Purchase Price in exchange for extinguishing its Leasehold Interest; (2) ADF refrained from exercising its right of first refusal to purchase the Property; and (3) ADF procured the Alternative Site in which to operate its business.

35. Klein failed to uphold its promises set forth above.

36. The resulting above-identified detriment to ADF caused by Klein can only be remedied by enforcement of the promise.  Moreover, injustice will result if Klein's promises are not enforced.

37. As a direct and proximate result of Klein's conduct, ADF is entitled to specific performance of the Contract, and / or its actual damages caused by Klein's conduct including without limitation the Purchase Price of the Contract, the cost of forgoing its right of first refusal, the costs of relocating its business and procuring an alternative site, and all related out-of-pocket costs, including attorneys' fees and costs of suit.

## COUNT IV
## UNJUST ENRICHMENT

38. ADF restates and realleges all of the foregoing paragraphs as if fully set forth herein.

39. ADF has conferred a benefit upon Klein by, among other things, relinquishing its possession of the Property as contemplated by the Contract and all such benefit was conferred to Klein in reliance upon Klein's promise to pay the Purchase Price.

40. Klein has knowledge of the benefit of the Property now in its possession.

41. Klein would be unjustly enriched and its retention of the Property would be inequitable, without payment of the money Klein improperly withholds from ADF.

## COUNT V
## FRAUDULENT MISREPRESENTATION

42. ADF restates and realleges all of the foregoing paragraphs as if fully set forth herein.

40000/0593-9274662v2
51713/0001-9350593v1

43. Prior to September 30, 2012, Klein made multiple promises that, upon information and belief, it never intended to keep.

44. Klein asserted false representations of material fact to ADF when it made clear and definite representations and promises to ADF that it intended to purchase ADF's Leasehold Interest, including ADF's right of first refusal rights, for the Purchase Price and to close under the Contract by September 30, 2012.

45. On April 20, 2012, Klein issued the Closing Letter to ADF again falsely representing its intent to close on the purchase of the Leasehold Interest pursuant to the Contract.

46. Klein did not pay the Purchase Price in exchange for ADF's relinquishment of its Leasehold Interest and in fact refused to close

47. Klein never intended to purchase the Leasehold Interest from ADF for the Purchase Price. Instead, Klein intentionally deceived ADF so that ADF would forgo its right of first refusal and move its business to an alternative property, so that Klein could take possession of the Property without paying the promised Purchase Price.

48. As to all misrepresentations by Klein, Klein either knew such representations were false or it made such representations with reckless indifference to the truth.

49. All misrepresentations by Klein were material.

50. All misrepresentations by Klein were made with malice.

40000/0593-9274662v2
51713/0001-9350593v1

51. Klein's false representations were intentional and willful acts which were calculated to cause damage to ADF by inducing ADF to forgo its right of first refusal to purchase the Property, to vacate the Property, and to procure alternative space to locate its operations.

52. ADF was misled by Klein's material misrepresentations and reasonably relied upon them.

53. ADF would not have entered the Contract, allowed its right of first refusal period to lapse, thereby extinguishing its right to purchase the Property, nor would it have moved its operations away from the Property, had Klein accurately and truthfully represented its intentions to not pay the Purchase Price in exchange for the Leasehold Interest.

54. As a direct and proximate result of Klein's false representations, and ADF's reliance on the same, ADF has suffered damages, including without limitation the loss of its right of first refusal, the loss of the promised $850,000.00 Purchase Price, plus interest, the expenses related to moving its business operations to an alternate location, attorneys' fees and costs, and the costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for this Court's judgment against Defendant as follows:

1. An order directing Klein to specifically perform its payment obligations under the Contract and any ancillary damages allowed under the law;

2. Awarding actual damages resulting from Defendant's breach of the Contract in an amount not less than $850,000.00;

3. Awarding ADF its reasonable attorneys' fees and costs herein as allowed by the Contract and by applicable law; and

4. Awarding ADF such other and further relief as the Court deems just and equitable.

                Respectfully Submitted,

Dated: March 14, 2013

**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**

    /s/ *Irving E. Walker*
Irving E. Walker (Bar No. 00179)
300 East Lombard Street, Suite 2000
Baltimore, Maryland  21202
Telephone:  (410) 230-0660
Facsimile:  (410) 230-0667
Email:  iwalker@coleschotz.com

**MONROE MOXNESS BERG PA**

    /s/ *Gerald S. Duffy*
Gerald S. Duffy (MN ID #24703)
Kristin L. Kingsbury (MN ID #346664)
8000 Norman Center Drive, Suite 1000
Bloomington, MN  55437-1178
Telephone: (952) 885-5999
Facsimile:  (952) 885-5969
Email:  gduffy@mmblawfirm.com
Email:  kkingsbury@mmblawfirm.com

**Attorneys for Plaintiff
ADF MidAtlantic, LLC**

MMB: 4824-7683-3299, v.  1

40000/0593-9274662v2
51713/0001-9350593v1